# EXHIBIT A

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:** BHC ALHAMBRA HOSPITAL, INC., a
*(AVISO AL DEMANDADO):* Tennessee Corporation; UNIVERSAL
HEALTH SERVICES, INC., a Delaware Corporation; and UHS OF
DELAWARE, INC., a Delaware Corporation; and DOES 1-100,
inclusive

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 17 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:** JAIME ZELEDON, an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, on his own
behalf and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT, COUNTY OF LOS ANGELES
111 N. Hill Street
Los Angeles, CA 90012

</td><td>

**CASE NUMBER:**
*(Número del Caso):* BC 651 028

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus J. Bradley, Esq. (#174156)                                    805-270-7100
Bradley Grombacher, LLP
2815 Townsgate Road, Suite 130
Westlake Village, CA 91361

DATE: FEB 17 2017                    SHERRI R. CARTER    Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* UHS of Delaware, Inc., a Delaware Corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

**BRADLEY GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:    (805) 212-5124
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
         kgrombacher@bradleygrombacher.com

Attorneys for Plaintiff, JAIME ZELEDON

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 17 2017

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES-CENTRAL CIVIL WEST

JAIME ZELEDON, an individual, on his own behalf and on behalf of all others similarly situated,

       Plaintiff,

v.

BHC ALHAMBRA HOSPITAL, INC., a Tennessee Corporation; UNIVERSAL HEALTH SERVICES, INC., a Delaware Corporation; and UHS OF DELAWARE, INC., a Delaware Corporation; and DOES 1-100, inclusive,

       Defendants.

CASE NO.  BC 651 028

**CLASS ACTION COMPLAINT FOR:**

1. **Meal and Rest Break Violations (*Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040);**
2. **Failure to Provide Proper Wage Statement (*Lab. Code* § 226(a));**
3. **Failure to Pay Wages at Time of Termination (*Labor Code* §§201-203);**
4. **Violation of California Recordkeeping Provisions (Lab Code §1174, 1194.5, 1198 and applicable IWC Wage Order §7); and**
5. **Unfair Business Practices (*Business and Professions Code* § 17200);**

**DEMAND FOR JURY TRIAL**

-1-
**CLASS ACTION COMPLAINT**

All allegations in this Class Action Complaint ("Complaint") are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and his counsel. Plaintiff's information and belief is based upon, *inter alia*, the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.  Plaintiff JAIME ZELEDON, on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1.      This matter is brought as a class action pursuant to California *Code of Civil Procedure* § 382, on behalf of Plaintiff and the putative class, which is defined more specifically below, but which is comprised, generally, of all former and current non-exempt employees of Defendant BHC ALHAMBRA HOSPITAL, INC., a Tennessee Corporation (hereinafter "BHC"), Defendant UNIVERSAL HEALTH SERVICES, INC., a Delaware Corporation; and Defendant UHS OF DELAWARE, INC., a Delaware Corporation and/or their respective subsidiaries (collectively, "Defendants").  The Class Period is from February 16, 2013, to the date judgment is rendered herein.

2.      Plaintiff seeks relief on behalf of himself and the members of the putative class as a result of employment policies, practices and procedures more specifically described below, which violate the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and members of the putative class all wages due to them.  Said employment policies, practices and procedures are generally described as follows:

a.   Defendants failed to provide Plaintiff and members of the putative class with timely meal and rest breaks (Labor Code §§ 200, 226.7, 512, and 12 CCR § 11040);

b.   Defendants failed to pay Plaintiff and members of the putative class all final wages in a timely fashion (Labor Code §§201-203);

c.   Defendants failed to provide Plaintiff and members of the putative class with proper wage statements (*Lab. Code* § 226); and

d.   Defendants failed to maintain accurate records of work performed by members of the Class in violation of Labor Code section 1174.

3.      In addition, Plaintiff and members of the putative class seek relief and damages for Defendants' violation, by way of the above-described conduct, of California's unfair competition laws (Business & Professions Code § 17200), including the equitable remedies of declaratory relief, disgorgement, accounting, and restitution.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to the provisions of the California Labor Code, as well as California *Business & Professions Code* § 17200. Venue is proper in Los Angeles County because the acts which give rise to this litigation occurred in this county.  In addition, Defendants BHC Alhambra Hospital, Inc.; Universal Health Services, Inc.; and UHS of Delaware, Inc., do business in Los Angeles County.

5.      Based upon information and belief, UHS of Delaware, Inc. is the management company for Universal Health Services, Inc.  Universal Health Services, Inc. and UHS of Delaware, Inc. conduct the day-to-day management operations of BHC Alhambra Hospital, Inc. located in Rosemead, California.

## THE PARTIES

6.      Plaintiff is a resident of Jurupa Valley, California located in Riverside County.

7.      BHC is an acute-care facility that offers treatment for children and adults, 24 hours a day, 7 days a week.  BHC does not provide emergency services.  BHC has its principal place of business in California. BHC's medical facility is located in Los Angeles County at 4619 North Rosemead Blvd. in Rosemead, California.

8.      UHS of Delaware, Inc. is the management company for Universal Health Services, Inc.  Universal Health Services, Inc. and UHS of Delaware, Inc. conduct the day-to-day management operations of BHC.

9.      The members of the proposed class are likewise current and former employees of Defendants, employed by Defendants within the State of California during the Class Period as non-exempt employees.

10.      Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through

-3-

100, inclusive, but on information and belief, alleges that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant named herein was the agent of the other, and the agent of all Defendants. Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the other Defendants.

## FACTUAL ALLEGATIONS

11.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12.     Plaintiff and the members of the putative class were and are classified by Defendants as non-exempt employees, pursuant to the provisions of the California Labor Code, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards. As non-exempt employees, Plaintiff and members of the putative class are entitled to certain benefits, including mandated meal and rest breaks. In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

13.     Plaintiff worked a Charge Registered Nurse ("RN") at BHC from 2005 to 2008. He was then promoted to House Supervisor RN at BHC from approximately 2007 to approximately June 2, 2016. As a House Supervisor RN, Plaintiff worked from approximately 3:00 p.m. to 11:30 p.m. five (5) days a week. Plaintiff was in charge of supervising approximately 25 to 30 employees a shift and was the sole Supervisor on site after 5:00 p.m. He supervised Registered Nurses, Licensed Vocational Nurses, Licenses Psychiatric Technicians, Psychiatric Specialists (Mental Health Providers). In addition, Plaintiff coordinated with the Psychologists on staff.

### *Defendants' Failure to Provide Meal and Rest Breaks*

14.     Plaintiff is further informed and believes, and based thereon alleges, that as a matter of policy and/or practice, Defendants routinely failed to provide Plaintiff and the members of the putative class, with meal and rest periods during which they were relived of all duties by requiring them to remain on duty due to the shortages in staff and overall needs of the

-4-

psychiatric hospital, including but not limited to patients' needs and related issues, family members visiting the facility, communications with psychiatrists, pharmacists and day-to-day issues given the nature of running a psychiatric hospital.

15.   At all times, relevant hereto, California *Labor Code § 226.7* and IWC Wage Order, number 7, section 12, required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

16.   At all times, relevant hereto, California *Labor Code § 226.7(b)* and IWC Wage Order, number 7, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

17.   Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to effectively communicate California rest period requirements to Plaintiff and the members of the putative class. Plaintiff is further informed and believes and based thereon alleges that throughout the Relevant Time Period Defendants failed to provide rest periods.

18.   Throughout the Class Period, Plaintiff and the members of the putative class were routinely denied the rest breaks they were entitled to under California law.

19.   Specifically, throughout the Class Period, Defendants regularly:

    a.   Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duty for each four (4) hours of work and able to take rest periods within the middle of the shift;

    b.   Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

    c.   Failed to provide Plaintiff and the members of the putative class with a first meal period of not less than thirty (30) minutes during which they are relieved of all duty before working more than five (5) hours;

    d.   Failed to provide Plaintiff and the members of the putative class with a second meal period of not less than thirty (30) minutes during which they

-5-

**CLASS ACTION COMPLAINT**

are relieved of all duty before working more than ten (10) hours per day;

e.  Failed to pay Plaintiff and the members of the putative class one hour of pay at their regular rate of compensation for each workday that a meal period was not provided; and

f.  Failed to accurately record all meal periods.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

20.    At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

21.    Defendants willfully and knowingly failed to pay Plaintiff and the members of the putative class, upon termination of employment, all accrued compensation including payment of minimum wage compensation, agreed wages, overtime, and/or premium wages.

***Defendants' Failure to Provide Accurate Wage Statements***

22.    As a result of the meal and rest break, described above, Plaintiff and members of the Plaintiff Class were, and are, routinely provided wage statements which do not truly and accurately reflect the number of hours worked by them, or the wages due to them.

***Facts Regarding Willfulness***

23.    Plaintiff is informed and believes and based thereon alleges that Defendants are and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

24.    Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the putative class members, including Plaintiff, were entitled to receive duty-free meal periods within the first five (5) hours of any shift of six (6) or more hours worked, and that any failure to do so requires Defendants to pay Plaintiff and the members of the putative class one (1) hour of wages per day for untimely,

-6-

missed, or on-duty meal periods.

25.     Plaintiff is informed and believes and based thereon alleges that at all relevant times, Defendants knew or should have known, that the putative class members, including Plaintiff, were and are entitled to one (1) ten (10) minute rest break for each shift of four (4) hours or more, and that any failure to allow said breaks requires Defendants to pay the putative class members, including Plaintiff, one (1) hour of wages per day for missed or on-duty rest breaks.

**Plaintiff's Exhaustion of Administrative Remedies**

26.     Plaintiff is currently complying with the procedures for bringing suit specified in California *Labor Code* § 2699.3.  By letter dated February 16, 2017, Plaintiff, on behalf of himself and the other putative class members, gave the required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

27.     This Complaint will be amended when more than sixty (60) days have passed since the date the notice was mailed to Defendants and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

29.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

> **Plaintiff Class:**
>
> All employees who were or are employed by Defendants during the Class Period in California as "non-exempt employees."  As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California Labor Code.
>
> **Terminated Sub-Class:**
>
> All members of the Plaintiff Class whose employment ended during the

-7-
**CLASS ACTION COMPLAINT**

Class Period.

(collectively "Putative Class" or "Class Members")

30.     The Class Period is the period from February 16, 2013, through and including the date judgment is rendered in this matter.

31.     The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to, Plaintiff is informed and believes that the class includes potentially hundreds of members.

32.     Common questions of law and fact exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a.   Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California wage and hour statutes;

    b.   Whether Defendants maintained accurate records of the hours worked by employees;

    c.   Whether Defendants had a standard policy of not providing meal and rest breaks to Plaintiff and members of the putative class;

    d.   Whether Defendants failed to maintain accurate records of work performed by members of the Class in violation of California *Labor Code* §1174.

    e.   Whether Defendants unlawfully and/or willfully deprived Plaintiff and Class Members of meal and rest breaks and pay for missed breaks pursuant to California *Labor Code* §§ 200, 226.7, 512, and 12 CCR § 11040;

    f.   Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and members of the Terminated Sub-Class upon termination of their employment, in violation of California *Labor Code* §§ 201-203;

    g.   Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon

-8-

**CLASS ACTION COMPLAINT**

payment of wages, in violation of California *Labor Code* §;

h. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

i. Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq*.

33.    The claims of the named Plaintiff are typical of the claims of the members of the putative class.  Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

34.    Plaintiff is an adequate representative of the proposed classes because he is a member of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Class Members will fairly and adequately be protected by Plaintiff and his attorneys.

35.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.  By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

36.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

a.    The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to

-9-

**CLASS ACTION COMPLAINT**

individual class members, thus establishing incompatible standards of conduct for Defendants, and

b.    The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

### MEAL AND REST BREAK VIOLATIONS

### (CALIFORNIA LABOR CODE §§ 200, 226.7, 512, and 12 CCR § 11040)

### (By Plaintiff and Members of the Putative Class Against All Defendants)

37.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

38.    California *Labor Code* §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

39.    California *Labor Code* §512 provides that "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee."

40.    California *Labor Code* §512 further provides that "An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

41.    California *Labor Code* §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

42.    Section 11(C) of Wage Order No. 7-2001 provides that "Unless the employee is

-10-

**CLASS ACTION COMPLAINT**

relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

43.    Section 11(D) of Wage Order No. 7-2001 provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

44.    California *Labor Code* §226.7(a) provides that "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

45.    California *Labor Code* §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to rest periods for any workers in California consistent with the health and welfare of those workers.

46.    IWC Wage Order, number 4-2001, section 12 required employers to authorize, permit, and provide a ten (10) minute paid rest for each four (4) hours of work, during which employees are relieved of all duty.

47.    At all times, relevant hereto, California *Labor Code* § 226.7(b) and IWC Wage Order, number 7-2001, section 12 required employers to pay one hour of additional pay at the regular rate of compensation for each employee and each workday that a proper rest period is not provided.

48.    Throughout the Class Period, Plaintiff and the members of the putative class consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

49.    Throughout the Class Period, Plaintiff and the members of the putative class sometimes worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes.

50.     Throughout the Class Period, Plaintiff and the members of the putative class did not waive their meal periods, by mutual consent with Defendants or otherwise.

51.     Defendants failed to comply with the required meal periods established California *Labor Code* § 226.7, California *Labor Code* §512, California *Labor Code* §516 and the applicable Wage Order.

52.     Defendants failed to compensate Plaintiff and members of the putative class with premium wages when meal periods were missed, short, or late.

53.     Pursuant to Section 11 of Wage Order No. 7-2001, and California *Labor Code* § 226.7(b) (which requires, in the event that "an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the industrial Welfare Commission, the employer shall the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided"), the members of the Class are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

54.     At all times relevant to this Complaint, each Defendants failed, and has continued to fail, to timely provide Plaintiff and members of the putative class with meal periods.

55.     Thus, throughout the Class Period, Defendants regularly:

(a)     Failed to provide paid rest periods of ten (10) minutes during which Plaintiff and the members of the putative class were relieved of all duty for each four (4) hours of work; and

(b)     Failed to pay Plaintiff and the members of the putative class one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not permitted.

56.     As a direct and proximate result of the acts and/or omissions of each Defendants, Plaintiff and Class Members have been deprived of meal and rest period wages due in amounts to be determined at trial.

57.     Pursuant to California *Labor Code* §§ 226.7, 512, and Wage Order 7, as a result of Defendants' failure to pay Plaintiff and Class Members for all meal periods and rest periods, Plaintiff and all Class Members are entitled to recover the unpaid meal and rest period wages, plus interest, fees and costs thereon.

-12-
**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### Violation of California Labor Code Section 226(a)

### (By Plaintiff and Members of the Putative Class Against All Defendants)

58.     Plaintiff incorporates all preceding paragraphs as though fully set for herein.

59.     California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

60.     Plaintiff and members of the Plaintiff Class were damaged by this failure to provide accurate wage statements because, among other things, Plaintiff and members of the Plaintiff Class were unable to determine the proper amount of wages owed to them, and whether they had received full compensation therefore.

///

////

61.    Plaintiff and members of the Plaintiff Class request recovery of California *Labor Code* §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* §226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF

### TERMINATION (LABOR CODE §§ 201-203)

**(By Plaintiff and Members of the Terminated Sub-Class Against All Defendants)**

62.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

63.    At all times, relevant herein, Defendants was required to pay its employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

64.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Terminated Sub-Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* §203.

65.    The conduct of Defendants and its agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub-Class.

66.    Plaintiff is informed and believes, and based thereon alleges, that Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and class members who have separated from employment are entitled to compensation pursuant to California *Labor Code* §203.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA RECORDKEEPING PROVISIONS,

### CALIFORNIA LABOR CODE §§ 1174, 1194.5, 1198

### AND THE APPLICABLE IWC WAGE ORDER §7

**(Against All Defendants on behalf of Plaintiff and the Plaintiff Class)**

67.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

-14-

68.     California *Labor Code* §1174 (c)-(d) requires employers to keep records showing the names and addresses of all employees employed, and to keep at a central location in the State of California or at the plants or establishments at which employees are employed, payroll records showing the hours worked duly by and the wages paid to all employees employed at the respective plants or establishments.   The IWC Wage Order(s) at §7 (A) (3) further requires employers to keep time records showing when the employee begins and ends each work period, meal period, and split shift interval.   Under §7(A)(5), employers must also record each employee's total hours worked and the applicable rates of pay, and must make such information "readily available" to the employee upon request.

69.     California *Labor Code* §1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

70.     Pursuant to Defendants' policy or practice, Defendants have willfully failed, and continues to willfully fail to maintain accurate, complete, and readily available records in violation of California *Labor Code* §1174 and the applicable IWC Wage Order at §7.

71.     Plaintiff and members of the Plaintiff Class have suffered and will continue to suffer actual economic harm resulting from the violations set forth hereinabove, as they have been, and will continue to be, precluded from accurately monitoring the wages to which they are entitled, have been required to retain counsel and other experts or consultants to evaluate and calculate unpaid wages, and have suffered delays in receiving the wages and interest that are due and owing to them.   Defendants' ongoing violations of these mandatory recordkeeping laws have caused, and will continue to cause, irreparable harm to Plaintiff and Class Members, among other reasons, because as long as the Defendants failed to maintain required records, Plaintiff and members of the Plaintiff Class will be unable to determine or demonstrate the precise number of hours actually worked or the wages and penalties owed to them for the long hours that the Defendants have required them to work, in part, without pay.

72.     By willfully failing to maintain the records required California *Labor Code* §1174(c) or the accurate and complete records required by §1174(D), Defendants are also liable for civil penalty of $500 for each violation under §1174.5.

73.     California *Labor Code* §1194.5 authorizes issuance of an injunction where an employer has willfully violated laws governing wages, hours, or working conditions.   Plaintiff

-15-

and members of the Plaintiff Class are entitled to injunctive relief under the governing legal standards, and are entitled to an order requiring Defendants to provide Plaintiff and members of the Plaintiff Class all of the information required by California *Labor Code* §1174 and the applicable IWC Wage Order.

### FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION: CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, etc.

**(By Plaintiff, the Putative Class, and the General Public, Against All Defendants)**

74.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

75.     Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

76.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and members of the putative class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

77.     The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.  As such, said conduct amounts to unfair business practices in violation of California *Business and Professions Code* § 17200, *et seq.*

78.     Defendants' conduct as herein alleged has damaged Plaintiff and the members of the putative class by denying them wages due and payable, by failing to provide proper meal and rest breaks, by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub-Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the putative class, causing them injury in fact and loss of money.

79.     Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the putative class.

80.     All members of the putative class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the putative class can be readily determined from Defendants' records.  The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class

-16-

**CLASS ACTION COMPLAINT**

Period as a result of Defendants' unlawful and unfair conduct.

81.     During the Class Period, Defendants committed, and continues to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

82.     Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the Business and Professions Code.

83.     The harm to Plaintiff and the members of the putative class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of California *Business and Professions Code* § 17200.

84.     Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

85.     Defendants' course of conduct described herein further violates California *Business and Professions Code § 17200* in that it is fraudulent, improper, and unfair.

86.     The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the putative class in that they were wrongfully denied the timely and full payment of wages due to them.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the putative class, prays for judgment against Defendants as follows:

1.     For an order certifying the proposed class;

2.     For nominal damages;

3.     For equitable relief, in the nature of declaratory relief, restitution of all monies due to Plaintiff and members of the putative class, and disgorgement of profits from the unlawful business practices of Defendants, and accounting;

-17-
**CLASS ACTION COMPLAINT**

4.     For penalties as permitted by the California Labor Code, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, For penalties permitted by California *Labor Code* §§ 201, 202, 203, 226, 226.3, 226.7, 512(a), 516, 558, 1174 and 1194.5;

5.     For interest as permitted by statute, including Labor Code § 218.6;

6.     For costs of suit and expenses incurred herein as permitted by statute, including California *Labor Code* §§ 226 and 1194;

7.     For attorney's fees as permitted by statute, including California *Labor Code* §§ 226 and 1194; and

8.     For all such other and further relief that the Court may deem just and proper.

DATED:   February 16, 2017         **BRADLEY GROMBACHER, LLP**

By: _____
     Marcus J. Bradley, Esq.
     Kiley L. Grombacher, Esq.
     Taylor L. Emerson, Esq.
     Attorneys for Plaintiff

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:   February 16, 2017         **BRADLEY GROMBACHER, LLP**

By: _____
     Marcus J. Bradley, Esq.
     Kiley L. Grombacher, Esq.
     Taylor L. Emerson, Esq.
     Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**

| SHORT TITLE: JAIME ZELEDON v. BHC ALHAMBRA HOSPITAL, etc., et al. | CASE NUMBER BC 651 028 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [X] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: JAIME ZELEDON v. BHC ALHAMBRA HOSPITAL, etc., et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☒ A6024 Other Employment Complaint Case | 1., ②, 3. |
| | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 Quiet Title | 2., 6. |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: JAIME ZELEDON v. BHC ALHAMBRA HOSPITAL, etc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: JAIME ZELEDON v. BHC ALHAMBRA HOSPITAL, etc., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 4619 North Rosemead Blvd. in Rosemead, California. |
|---|---|
| CITY: Rosemead | STATE: CA | ZIP CODE: 91770 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES           courthouse in the CENTRAL           District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: February 16, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
MARCUS J. BRADLEY, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Marcus J. Bradley, Esq. (#174156)<br>Bradley Grombacher, LLP<br>2815 Townsgate Road, Suite 130<br>Westlake Village, CA 91361<br><br>TELEPHONE NO.: 805-270-7100   FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiff, JAIME ZELEDON | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>FEB 17 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME:   JAIME ZELEDON v. BHC ALHAMBRA HOSPITAL

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER BC 651 028 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400-3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: FIVE CAUSES OF ACTION
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: FEBRUARY 16, 2017

Marcus J. Bradley, Esq. (#174156)
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case—Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition

## NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c))

**BC 651028**

| | ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|---|
| | Judge Elihu M. Berle | 323 | 1707 |
| | Judge William F. Highberger | 322 | 1702 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | Judge Kenneth Freeman | 310 | 1412 |
| | Judge Ann Jones | 308 | 1415 |
| | Judge Maren E. Nelson | 307 | 1402 |
| | Judge Carolyn B. Kuhl | 309 | 1409 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on **FEB 1 7 2017**      SHERRI R. CARTER, Executive Officer/Clerk

BY _____, Deputy Clerk

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:           FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11    **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use                                                     Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the
   complaint;

  h. Computation of damages, including documents, not privileged or protected from disclosure, on
     which such computation is based;

  i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at
    *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended
    to _____ for the complaint, and _____ for the cross-
             (INSERT DATE)                          (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b),
    and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having
    been found by the Civil Supervising Judge due to the case management benefits provided by
    this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*",
    click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference
    and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing
    results of their meet and confer and advising the Court of any way it may assist the parties'
    efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to
    the Case Management Conference statement, and file the documents when the CMC
    statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing
    any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time
    for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➤ _____
     (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
     (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____ )

Date:

_____    ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____ )

_____    ➤ _____
     (TYPE OR PRINT NAME)                       (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  (ATTORNEY FOR _____)

Date:

_____          ➤  (ATTORNEY FOR _____)

Date:

_____          ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

☐   Request for Informal Discovery Conference
☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:            FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER


7016 1370 0000 5588 6928




**BRADLEY GROMBACHER LLP**
2815 Townsgate Road, Suite 130
Westlake Village, CA  91361

Corporation Service Company
Agent for Service of Process for
UHS of Delaware, Inc.
2711 Centerville Rd., Suite 400
Wilmington, DE  19808